# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Carol A Thomson | § | Case No. 13-47986 |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under chapter    of the United States Bankruptcy Code was filed on
    .  The undersigned trustee was appointed on                   .

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4.  The trustee realized gross receipts of                      $

> Funds were disbursed in the following amounts:
>
> Payments made under an interim disbursement
> Administrative expenses
> Bank service fees
> Other payments to creditors
> Non-estate funds paid to 3rd Parties
> Exemptions paid to the debtor
> Other payments to the debtor
>
> Leaving a balance on hand of[1]                    $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was                    and the deadline for filing governmental claims was                    . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $          .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $        as interim compensation and now requests a sum of $            , for a total compensation of $          2.  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $        , and now requests reimbursement for expenses of $        , for total expenses of $        2.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____   By:/s/STEVEN R. RADTKE_____
                                Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

_____
2 If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 13-47986 | PSH | Judge: | Pamela S. Hollis | Trustee Name: | STEVEN R. RADTKE |
|---|---|---|---|---|---|---|
| Case Name: | Carol A Thomson | | | | Date Filed (f) or Converted (c): | 12/16/2013 (f) |
| | | | | | 341(a) Meeting Date: | 02/03/2014 |
| For Period Ending: | 06/04/2015 | | | | Claims Bar Date: | 07/11/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1.  Location: 2250 W Berwyn Ave, Chicago Il 60625 | 528,386.00 | 130,849.00 | | 0.00 | FA |
| 2.  Mb Finaincial Checking Account | 200.00 | 0.00 | | 0.00 | FA |
| 3.  Mb Finaincial Savings Account | 56.00 | 0.00 | | 0.00 | FA |
| 4.  American Airlines Credit Union Checking Account | 100.00 | 100.00 | | 0.00 | FA |
| 5.  American Airlines Credit Union Savings Account | 15.00 | 0.00 | | 0.00 | FA |
| 6.  Used Furniture | 500.00 | 0.00 | | 0.00 | FA |
| 7.  Used Clothing | 450.00 | 0.00 | | 0.00 | FA |
| 8.  401(K) | 3,000.00 | 0.00 | | 0.00 | FA |
| 9.  American Airlines Stock | 6,674.80 | 7,885.55 | | 7,885.55 | FA |
| 10.  Estimated 2013 Tax Refund | 4,000.00 | 4,000.00 | | 0.00 | FA |
| 11.  2000 Ford Mustang (65,000 Miles) | 4,013.00 | 334.00 | | 0.00 | FA |
| 12.  1995 Toyota Corolla (150,000 Miles) | 1,950.00 | 0.00 | | 0.00 | FA |
| INT.  Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)                $549,344.80        $143,168.55                        $7,885.55        $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Debtor scheduled interest in American Airlines stock;  Debtor sold stock in American Airlines after filing bankruptcy; Trustee made demand for same and received sum o f $7885.50; Creditor with secured interest in Debtor's home has filed a proof of claim. The trustee has discussed possible short sale with secured creditor.  As of 6/30/14 claims period has not expired.

Initial Projected Date of Final Report (TFR): 03/31/2015        Current Projected Date of Final Report (TFR): 12/31/2015

Exhibit A

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 13-47986 | Trustee Name: STEVEN R. RADTKE |
| Case Name: Carol A Thomson | Bank Name: Associated Bank |
| | Account Number/CD#: XXXXXX5554 |
| | Checking |
| Taxpayer ID No: XX-XXX9305 | Blanket Bond (per case limit): $5,000,000.00 |
| For Period Ending: 06/04/2015 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 04/14/14 | 9 | Carol Thomson | Proceeds from Sale of Stock | 1129-000 | $7,885.55 | | $7,885.55 |

| | | | |
|---|---|---|---|
| | COLUMN TOTALS | $7,885.55 | $0.00 |
| | Less: Bank Transfers/CD's | $0.00 | $0.00 |
| | Subtotal | $7,885.55 | $0.00 |
| | Less: Payments to Debtors | $0.00 | $0.00 |
| | Net | $7,885.55 | $0.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*       Page Subtotals:       $7,885.55       $0.00

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX5554 - Checking | $7,885.55 | $0.00 | $7,885.55 |
| | $7,885.55 | $0.00 | $7,885.55 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $7,885.55 |
| Total Gross Receipts: | $7,885.55 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 13-47986

Date: June 4, 2015

Debtor Name: Carol A Thomson

Claims Bar Date: 7/11/2014

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | STEVEN R. RADTKE CHILL, CHILL & RADTKE, P.C. 79 WEST MONROE STREET SUITE 1305 CHICAGO, IL 60603 , | Administrative | | $0.00 | $1,538.56 | $1,538.56 |
| 100 2200 | STEVEN R. RADTKE CHILL, CHILL & RADTKE, P.C. 79 WEST MONROE STREET SUITE 1305 CHICAGO, IL 60603 , | Administrative | | $0.00 | $4.88 | $4.88 |
| 1 300 7100 | Discover Bank Db Servicing Corporation Po Box 3025 New Albany, Oh 43054-3025 | Unsecured | | $0.00 | $8,406.32 | $8,406.32 |
| 2 300 7100 | Asset Acceptance Llc Assignee Bank Of America Po Box 2036 Warren, Mi 48090 | Unsecured | | $0.00 | $40,979.55 | $40,979.55 |
| 3 300 7100 | American Airlines Fcu Po Box 619001 Dfw Airport, Tx 75261 | Unsecured | | $0.00 | $9,994.86 | $9,994.86 |
| 4 300 7100 | American Airlines Fcu Po Box 619001 Dfw Airport, Tx 75261 | Unsecured | | $0.00 | $13,399.13 | $13,399.13 |
| 6 300 7100 | Capital Recovery V, Llc C/O Recovery Management Systems Corporat 25 Se 2Nd Avenue Suite 1120 Miami Fl 33131-1605 | Unsecured | | $0.00 | $2,311.09 | $2,311.09 |
| 5 400 4110 | Green Tree Servicing Llc Po Box 0049 Palatine, Il 60055-0049 Telephone # 888-298-7785 | Secured | Withdrawn | $0.00 | $0.00 | $0.00 |
| | Case Totals | | | $0.00 | $76,634.39 | $76,634.39 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

Page 1

Printed: June 4, 2015

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-47986
Case Name: Carol A Thomson
Trustee Name: STEVEN R. RADTKE

Balance on hand                                                          $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 5 | Green Tree Servicing Llc - Withdrawn | $ | $ | $ | $ |

Total to be paid to secured creditors                          $_____

Remaining Balance                                                  $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: STEVEN R. RADTKE | $ | $ | $ |
| Trustee Expenses: STEVEN R. RADTKE | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses   $_____

Remaining Balance                                                  $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $        must be paid in advance of any dividend to general (unsecured) creditors.

UST Form 101-7-TFR (5/1/2011) *(Page: 8)*

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $           have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Discover Bank | $ | $ | $ |
| 2 | Asset Acceptance Llc Assignee Bank Of America | $ | $ | $ |
| 3 | American Airlines Fcu | $ | $ | $ |
| 4 | American Airlines Fcu | $ | $ | $ |
| 6 | Capital Recovery V, Llc | $ | $ | $ |

Total to be paid to timely general unsecured creditors                    $_____

Remaining Balance                                                        $_____

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $        have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be        percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE